Name: Fernando Gastelum
Address: 209 W. 9th Street, Casa Grande, AZ 85122
Telephone Number: 520-560-0927
Email: fernandog8899@gmail.com
*Pro se*



**FILED**

Mar 17 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ GloriaVocal        DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FERNANDO GASTELUM,

Plaintiff,

vs.

ALBERTSONS COMPANIES, INC. dba

VONS

Defendant.

Case No.:  '25CV0636 LL    DDL

**VERIFIED COMPLAINT**

1. Violation of the ADA

2. Violation of Unruh Civil Rights Act

3. Violation Of The Disabled Persons Act

4. Malice and Oppression

**I**
**PARTIES**

1. Plaintiff is a senior citizen with physical disabilities.

2. Plaintiff is missing a leg.

3. Plaintiff is an ADA Tester.

4. Plaintiff lives in Casa Grande, Arizona, with his extended family in this house:



1

5. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use:



6. Plaintiff's missing leg is a physical impairment that substantially limits one or more major life activities like walking, reaching, pushing and other musculoskeletal activities that are normally associated with missing lower limbs.

7. Defendant is a public accommodation who owns, operates, leases or leases to a third party a general merchandise store at 8011 University Avenue, La Mesa, CA 92041 (Store).

**II**
**FEDERAL QUESTION, SUPPLEMENTAL AND DIVERSITY JURISDICTION**

8. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

9. Plaintiff has specific intent to return to the Store when he is assured that the Store is accessible to him.

2

10. Plaintiff is otherwise deterred from conducting business at any of the Stores, or any other store owned or operated by Defendant because Defendant, as the public entity, has failed to comply with the non-discriminatory provisions of the ADA, including 42 U.S.C. §12182 (b)(1)(D), 42 U.S.C. §12182 (b)(2)(A)(ii) and 42 U.S.C. §12182 (b)(2)(A)(iii), and the Unruh Civil Rights Act and the Disabled Persons Act.

11. The Court has discretionary supplemental jurisdiction over allegations of Unruh Civil Rights Act claim relative to architectural barriers, but, to the best of Plaintiff's understanding, the Court has supplemental jurisdiction over non-architectural Unruh policy violations.

12. This Court also has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 based on:

   A. Plaintiff is a citizen of the state of Arizona; and

   B. Defendant is a citizen of the State of Delaware; and

   C. The amount in controversy, including (1) cost of compliance with injunctive relief, (2) statutory damages, (3) punitive damages, (4) loss of revenue damages, (5) attorney's fees and (6) costs all of which, to the best of Plaintiff's estimate, greatly exceed the statutory threshold of $75,000.00.

13. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

### III
### FACTUAL ALLEGATIONS

14. On December 16, 2024, Plaintiff visited the Store, but was denied full and equal access by virtue of:

   ➢ The service counter provided at the coffee stand was cluttered with merchandise and equipment and was unusable to Plaintiff as a result of his disability. This condition makes Plaintiff's use of the service counter more difficult. This condition violates accessibility standards at 904.4.1.

   ➢ The access to the coffee stand was denied him by virtue of promotional baskets located in front of the service counter.

## Count One - Violation Of The ADA and Declaratory Judgment
(42.S.C. section 12101, et seq.)

15. Plaintiff incorporates all allegations contained elsewhere in this Complaint.

16. Service counter layout in the coffee stand was cluttered with merchandise or promotional products which makes them unusable to Plaintiff and other persons with disabilities.

17. Plaintiff and others similarly situated are deterred from visiting the Store and the coffee stand because (i) they know that the service counter will be cluttered with equipment and merchandise and will be unusable to disabled patrons, and because (ii) they know that they are likely to encounter the areas in front of the service counters inaccessible to individuals on wheelchairs for parallel approach by virtue of the use of this area for the promotional baskets.

18. The barriers listed above relate to Plaintiff's disability and interfere with his full and equal enjoyment of the Store because the barriers make it more difficult and unusable to Plaintiff.

19. The remediation of the barriers identified above is readily achievable.

20. Plaintiff intends to return to the Store referenced in this Complaint when he is assured that they have become welcoming to Plaintiff and similarly situated persons with disabilities who use a wheelchair.

21. During the time that Defendant fails to comply with the non-discriminatory provisions of 42 U.S.C. § 12182, Plaintiff is deterred from patronizing it.

22. Consequently, the injury to Plaintiff is likely to recur as a matter of law.

WHEREFORE, Plaintiff requests relief as follows:

A. Declaration that at the commencement of this action Defendant was in violation of the specific architectural requirements of disability laws detailed above; and

B. Declaration that at the commencement of this action Defendant did not have an enforceable policies, practices, or procedures to afford goods, services, facilities,

privileges, advantages, or accommodations to Plaintiff and others similarly situated in violation of 42 U.S.C. § 12182.

C. Order that Defendant implement enforceable policies, practices, or procedures to afford goods, services, facilities, privileges, advantages, or accommodations to Plaintiff and others similarly situated pursuant to 42 U.S.C. § 12182.

D. Order that all Defendant removes all barriers to accessibility in all its Stores; and

E. Order that Defendant remediate each and every inaccessible element in the Store; and

F. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

G. For whatever other relief the Court deems just, equitable and appropriate.

## Count Two - Violation Of The Unruh Civil Rights Act
### (Cal. Civ. Code § 51-53.)

23. Plaintiff incorporates allegations contained elsewhere in this Verified Complaint.

24. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b). Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

25. Defendant's Store violated the Unruh Act by denying Plaintiff's rights to full and equal use.

26. Defendant's violation of the Unruh Act makes Defendant responsible for statutory civil penalty. (Civ. Code § 55.56(a)-(c).)

WHEREFORE, Plaintiff requests relief as follows:

A. Declaration that at the commencement of this action Defendant was in violation of the specific requirements of disability laws detailed above; and

B. Declaration that at the commencement of this action Defendant did not have enforceable policies, practices, or procedures to afford goods, services, facilities,

privileges, advantages, or accommodations to Plaintiff and others similarly situated; and

C. Order that Defendant implement enforceable policies, practices, or procedures to afford goods, services, facilities, privileges, advantages, or accommodations to Plaintiff and others similarly situated; and

D. Order that all Defendant removes all barriers to accessibility in all its stores; and

E. Order that Defendant remediate each and every inaccessible element in the stores that are subject of this Verified Complaint; and

F. For damages in an amount no less than $4,000.00 per Unruh violation per encounter as alleged above; and

G. For treble damages pursuant to Cal. Civ. Code §3345(b); and

H. For punitive damages as more fully alleged below; and

I. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

J. For whatever other relief the Court deems just, equitable and appropriate.

### Count Three - Violation Of The Disabled Persons Act
### (Cal. Civ. Code §§54-54.3)

27. Plaintiff realleges all allegations heretofore set forth.

28. Defendants have violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

29. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

30. Plaintiff has been aggrieved by Defendant's non-compliance with accessibility laws.

31. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

32. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.  Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of disability laws; and

B.  For damages in an amount no less than $1,000.00 per violation per encounter; and

C.  For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

D.  For punitive damages as alleged below; and

E.  The provision of whatever other relief the Court deems just, equitable and appropriate.

## Defendant's Malice And Oppression of the Disabled
## Supplementing Counts Two and Three
(Civ. Code Article 3, §3294)

89. Plaintiff realleges all allegations elsewhere in this Complaint.

90. By its continuing and unrelenting discrimination against the disabled, including Plaintiff, Defendant is and has been guilty of oppression and malice.

91. Defendant' malice and oppression of the disabled are intentional, premeditated, and specifically designed as a marketing strategy.

92. "Malice" includes "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others", including Plaintiff.

93. "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

94. "Despicable conduct" has been described as conduct that is "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." (*Lackner v. North* (2006) 135 Cal.App.4th 1188, 1210.)

95. Plaintiff alleges that intentional segregation and discrimination of the type alleged here, and indeed any segregation and discrimination against any member of a protective class, is malicious and oppressive as a matter of law.

96. In addition to the actual damages, Plaintiff seeks the following relief:

   a.  Imposition of damages for the sake of example and by way of punishing Defendant in an amount sufficient to deter, make example of, and punish Defendant in the form of punitive damages; and

7

1     b. Disgorgement of ill-gotten profits realized through intentional discrimination.

2                    **REQUEST FOR TRIAL BY JURY**

3           Plaintiff requests a trial by a jury on issues triable by a jury.

4                         **VERIFICATION**

5           Plaintiff verifies under the penalty of perjury that the above statements of fact are

6     true and correct to the best of his knowledge, information, memory or belief.

7           RESPECTFULLY SUBMITTED this 5th day of February 2025.

8                         _____
                          Fernando Gastelum

9                         Pro Se

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28